IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**JESSICA GAINES, individually and**
**on behalf of all others similarly situated,**

    Plaintiffs,

v.                                          Civil Action No._____

                                                                    FLSA Opt-In Collective Action

**STROUD ENTERPRISES, INC.,**
**a Tennessee Corporation,**
**ROY D. STROUD, an Individual,**
**JONATHAN BROWN, an Individual,**

    Defendants.
_____

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**
_____

Plaintiff Jessica Gaines, individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA in that they failed to pay Plaintiff for all hours she worked by not compensating her at the rate of time and one-half her regular rate of pay for all the hours worked over 40 hours in one workweek. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Jessica Gaines is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff Gaines hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4. Plaintiff and "Class Members" are Defendants' current and former hourly-paid employees who were not paid for all hours worked and who were not paid overtime pay for overtime work as required by the FLSA.

5. Defendant Stroud Enterprises, Inc. is a corporation authorized to do business, and does business, in the State of Tennessee. Defendant Stroud Enterprises, Inc. is a franchisee of Subway restaurants. It can be served through its registered agent, Roy D. Stroud, at 7504 Delmonico Cove, Bartlett, Shelby County, Tennessee 38135-1981, or wherever it may be found.

6. Defendant Roy D. Stroud is the owner of Stroud Enterprises, Inc. and exercises operational control over the Subway franchises owned and operated by Stroud Enterprises, Inc. Mr. Stroud can be served at 7504 Delmonico Cove, Bartlett, Shelby County, Tennessee 38135-1981, or wherever he may be found.

7. Defendant Jonathan Brown is the son-in-law of Defendant Roy D. Stroud and the Operations Manager for Stroud Enterprises' Subway franchised restaurants. Defendant Brown

as the Operations Manager exercises operational control over Stroud Enterprises' Subway franchised restaurants. Defendant Brown can be served at 7504 Delmonico Cove, Bartlett, Shelby County, Tennessee 38135-1981, or wherever he may be found.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201, *et seq.*

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants reside in this district and because the events that form the basis of this suit occurred in this District.

### IV. COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business

done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

15. Defendants own and operate Subway franchised restaurants in the Memphis, Tennessee market. They conduct business in West Tennessee and North Mississippi and do more than $500,000.00 per year in business throughout the statutory period.

16. Plaintiff was employed by Defendant Stroud Enterprises as an hourly employee from 2005 to March 2018. She regularly worked forty (40) or more hours in a workweek at one of Defendants' Subway restaurants during the last three years, the period covered by this lawsuit.

17. To perform her duties, Plaintiff and Class Members were often required to arrive early, stay late, or work double shifts. Because Plaintiff and Class Members were regularly scheduled to work at least forty (40) hours in a week, any additional work performed over forty (40) hours in one week should have been paid at overtime rates. Defendants did not pay Plaintiff and Class Members time-and-one-half their regular rates of pay for hours they worked over forty (40) hours per week, even though they routinely worked more than forty (40) hours per week throughout the course of their employment. Defendants required Plaintiff and Class Members to work many of these hours "off-the-clock" and without compensation.

18.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members. Defendants received complaints from Plaintiff or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

### VI.  COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff re-alleges and incorporates paragraphs 1–18 as if fully set forth herein.

20.     Plaintiff and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated for all hours worked and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

21.      Defendants' failure to compensate employees for all hours worked and hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of paying only regular time for overtime hours and requiring employees to work "off-the-clock" without compensation. This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

22.     Defendants were aware of their obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Plaintiff re-alleges and incorporates paragraphs 1–16 as if fully set forth herein.

24. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law

## VIII.   RELIEF SOUGHT

25. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join this suit);

   b. For an Order awarding Plaintiff (and those who may join this suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join this suit) attorneys' fees;

   d. For and Order awarding Plaintiff (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

  e.  For an Order granting such other and further relief as may be necessary and appropriate.

            Respectfully submitted,

            */s J. Russ Bryant*
            Gordon E. Jackson (TN BPR #8323)
            J. Russ Bryant (TN BPR #33830)
            Paula R. Jackson (TN BPR #20149)
            **JACKSON SHIELDS YEISER & HOLT**
            262 German Oak Drive
            Memphis, TN 38018
            Telephone: (901) 754-8001
            Facsimile: (901) 754-8524
            *gjackson@jsyc.com*
            *rbryant@jsyc.com*
            *pjackson@jsyc.com*

            **ATTORNEYS FOR PLAINTIFF AND SIMILARLY SITUATED PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

This is the Original Collective Action Complaint. Service of this Complaint will be made on Defendants with summonses to be issued by the clerk per the Federal Rules of Civil Procedure.

            */s/ J. Russ Bryant*
            **J. Russ Bryant**